THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| HILARIO MEDINA-JUAREZ,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>ROBERT POWELL et al.,<br><br>　　　　　　Respondents. | **MEMORANDUM DECISION & ORDER DENYING POST-JUDGMENT MOTION**<br><br>Case No. 2:23-cv-00448 DBB<br><br>District Judge David Barlow |

On July 13, 2023, the Court ordered Petitioner to within thirty days file a compliant motion for leave to proceed *in forma pauperis* and inmate-account statement, or face dismissal. (ECF No. 2.) When Petitioner did not respond, on September 14, 2023, the Court ordered Petitioner to within thirty days show cause why this action should not be dismissed for failure to follow orders. (ECF No. 5.) Having still not heard from Petitioner since he first filed his petition, on October 19, 2023, the Court dismissed this action without prejudice for Petitioner's failure to comply with the Court's orders and to prosecute the case. (ECF Nos. 6–7 (citing DUCivR 41-2).)

Five months later, Petitioner filed a letter regarding the dismissal order. (ECF Nos. 6, 8.) In this letter, Petitioner asserts he sent "the information requested by the court within thirty days as . . . requested by the court." (ECF No. 8.) He further asks for an "investigation" into why his "correctional facility never delivered to [him] any legal mail sent by the court" and discusses the "mailbox rule's presumption that a document or other material that is properly and timely mailed is received by the addressee within a reasonable and customary time." (*Id.*) Based on its timing

and content, the Court construes this letter as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).[1] (*Id.*)

In relevant part, Rule 60(b) reads:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . ., misrepresentation, or misconduct by an opposing party;
> . . .
> (6) any other reason that justifies relief.

Fed. Civ. P. 60(b).

Petitioner's "motion" does not explicitly address any of these grounds for relief, nor does it set forth a substantive analysis that suggests Petitioner qualifies for any such relief. Still, the Court reads his arguments under a liberal construction. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court therefore infers that Petitioner evokes reasons of "mistake, inadvertence, surprise, or excusable neglect." (ECF No. 8); Fed R. Civ. P. 60(b)(1). After all, he suggests that he was caught off guard by the dismissal of this action, considering he allegedly did not realize mailings between the Court and him did not reach each other. (ECF No. 8.)

"The prison mailbox rule holds that a *pro se* prisoner's filings will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court

---

[1] The Court treats "this as a valid Rule 60(b) motion, as opposed to a disguised second or successive § 2254 petition." *Cheadle v. Dinwiddie*, No. 24-6019, 2024 U.S. App. LEXIS 24867, at *2 (10th Cir. Oct. 2, 2024) (unpublished) (citing *Spitznas v. Boone*, 464 F. 3d 1213, 1225 (10th Cir. 2006) (holding petitioner's contention was "'true' 60(b) claim" because it asserted defect integral to federal habeas proceeding, not to underlying state criminal conviction or sentencing)).

itself receives the documents." *Amaro v. Corizon Health, Inc.*, No. 23-2117, 2024 U.S. App. LEXIS 20729, at * 2 (10th Cir. Aug. 16, 2024) (unpublished) (quoting *Price v. Philpot*, 420 F.34d 1158, 1163-64 (10th Cir. 2005)) (cleaned up). But, "the inmate must attest that such a timely filing was made and has the burden of proof on this issue." *Id.* at 2 n.2 (quoting *Price*, 420 F.3d at 1165) (cleaned up); *see also St. George v. City of Lakewood*, No. 22-1333, 2024 U.S. App. LEXIS 19757, at *22 n.4 (10th Cir. Aug. 7, 2024) (unpublished) ("'If there is a prison mail system, timely filing must be established by declaration in compliance with 28 U.S.C. § 1746[2] or a notarized statement setting forth the date of deposit and that first-class postage has been prepaid.'" (quoting *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143-44 (10th Cir. 2004) (footnote added))).

First, Petitioner's arguments based on the prison mailbox rule are unaccompanied by the required supporting evidence of a declaration or statement.[3] Second, Petitioner maintains that

---

[2] Section 1746 reads in pertinent part as follows:
> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> . . . .
>> **(2)** If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".

28 U.S.C.S. § 1746 (2024).

[3] The Court clarifies that the mailbox rule does not apply to mail sent by the Court to an inmate.

"the post office in the correctional facility never delivered to me any legal mail sen[t] by the Court"; however, Petitioner's contention that he mailed to the Court information responsive to the Court's Orders belies his statement that he received no mail from the Court. (ECF No. 8.) The Court sent three different Orders to Petitioner, between July 13 and October 19, 2023, and none of those were returned to sender. (ECF Nos. 2, 5–7.) These mailings from the Court fall under the "'rebuttable presumption of receipt . . . aris[ing] on evidence that a properly addressed piece of mail is placed in the care of the postal service.'" *Farrow v. Tulupia*, No. 21-1027, 2022 U.S. App. LEXIS 2783, at *5 (10th Cir. Jan. 31, 2022) (unpublished) (quoting *Witt v. Roadway Express*, 136 F.3d 1424, 1429-30 (10th Cir. 1998)). And Petitioner has not rebutted the presumption that he received the Court's Orders--e.g., he has not (a) argued that the Orders were sent to the wrong address, (b) provided evidence to support his allegations, nor (c) suggested that he checked with his institution to provide a copy of a record of legal mail he may have received during the period in question. *See id.* at *5–6; (ECF No. 8).

Based on all this, the Court concludes that Petitioner has not met the Rule 60(b) threshold to receive relief from the judgment here.

**IT IS THUS ORDERED** as follows:

**(1)** Petitioner's motion for relief from judgment is **DENIED**. (ECF No. 8.) Petitioner should keep in mind that this action was dismissed without prejudice to him refiling his petition in a new case.

**(2)** A certificate of appealability is **DENIED**.

**(3)** With this Order, the Clerk of Court shall send to Petitioner a packet of information on filing a civil-rights complaint should Petitioner wish to use the proper legal action in further pursuing issues of mail and legal access.

DATED this 27th day of January, 2025.

BY THE COURT:

DAVID BARLOW
United States District Judge